UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICAELA TURNER,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>MASSHIRE JEWISH VOCATIONAL<br>PROGRAM, et al.,<br><br>　　　Defendants. | CIVIL ACTION<br>NO. 25-11525-WGY |

## ORDER

February 25, 2026

YOUNG, D.J.

On January 20, 2026, the Court issued an order directing
pro se plaintiff Michaela Turner to file an amended complaint if
she wished to proceed with this action. Dkt. #4. Turner has
since filed another document, which the Court construes as an
amended complaint. Dkt. #6. Upon review of this pleading the
Court DISMISSES this action without prejudice.

### I.  Original Complaint

In the original complaint, Turner named "Masshire Jewish
Vocational Program" ("JVS"[1]), the Massachusetts Trial Court
("Trial Court"), and Bunker Hill Community College ("BHCC") as

---

[1] The full name of this defendant is Jewish Vocational Service,
Inc. See Dkt. #1-1 at 1-6, 1.

defendants.  Turner claimed that she had received letters from
the Massachusetts Trial Court in which she was falsely accused
of sending emails pretending to be a court employee and was
believed to have falsified an order.  Turner also alleged that
she received threatening letters from JVS accusing her of making
a "False Publicity" statement about its program and "aiming to
be ruining their reputations on google maps," and "pretending to
be a federal government employee."  Dkt. #1 at 7.[2]

Turner sought $75,000 in damages based on the defendants'
allegedly false statements and $75,000 "for the American With a
Disability in Education service and . . . also the Background
Services.  Dkt. #1 at 7.

In its January 20, 2026 order, the Court granted Turner's
motion for leave to proceed in forma pauperis and directed her
to file an amended complaint if she wished to proceed with this
action.  Dkt. #4.  The Court found that Turner's original
complaint failed to state a claim upon which relief may be
granted because (1) to the extent she sought to bring a claim
under the Americans with Disabilities Act ("ADA"), 42 U.S.C.
§§ 12101-12213, she had not stated that she has a disability,
identified that disability, or set forth allegations indicating

---

[2] Turner states in her amended complaint that she "does have a History of
Pretending to be someone else," but for "a Safety purpose only."  Dkt. #6 at
7.

that any defendant discriminated against her on the basis of that disability;[3] (2) as to any other claim against the Trial Court and the BHCC, the parties had Eleventh Amendment immunity; and (3) in the absence of a claim arising under federal law and diversity of citizenship between the parties, the Court would lack original subject matter jurisdiction over the action.

## II.  Amended Complaint

As the Court stated in its earlier order, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The statement must be plain because the principal functions of pleadings are to (1) give defendants fair notice of the basis for the claims against them so that they may respond, see Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013), and (2) allow the Court to determine whether the complaint contains sufficient factual allegations, which, treated as true, allow the Court to reasonably infer that the plaintiff is entitled to relief under a cognizable legal theory, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff's obligation to provide the grounds of her claim

---

[3] The Court also noted that monetary damages under Title II are not available unless the state had actually violated the plaintiff's Fourteenth Amendment rights.  See United States v. Georgia, 546 U.S. 151, 159 (2006).

"requires more than labels and conclusions." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

The amended complaint does not meet this pleading standard. Although Turner refers to alleged misconduct by each defendant, she has not set forth a short and plain statement that she is entitled for relief. There are numerous statements of law, social commentaries, and factual narratives within the amended complaint, but they do not give the defendants sufficient notice of Turner's claims against them or show that the defendants are liable to her under a cognizable legal theory.[4]

### III. Conclusion

In accordance with the foregoing, the Court DISMISSES this action without prejudice for failure to state a claim upon which relief may be granted.

SO ORDERED.

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[4] The Court notes that Turner states that she has "[i]ntellectual disability" and Autism Spectrum Disorder." Dkt. #6 at 7. However, she does not allege facts which, treated as true, show that any of the defendants unlawfully discriminated against her on the basis of her disabilities.

4